1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE L. HANEY | CASE NO. 1:10-cv–02134-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS AND DEFENDANTS AND DISMISSING COMPLAINT, WITH LEAVE TO AMEND CERTAIN CLAIMS |
| v. | |
| M. P. HERNANDEZ, et al., | |
| Defendants. | (ECF No. 1) |
| _____/ | OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.    Screening Requirement**

Plaintiff Monte L. Haney is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the complaint, filed May 20, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.    Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently incarcerated at California State Prison, Sacramento. This action is brought against Defendants M. P. Hernandez, D. J. Ruiz, R. Bottello, M. Rickman, F. Oliver, G. Torres, T. Camp, J. Jones, and L. Cano for violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, retaliation in violation of the First Amendment, cruel and unusual punishment in violation of the Eighth Amendment, and emotional distress under state law.

Plaintiff alleges that, while housed at Corcoran State Prison, he was falsely accused of calling a library staff member a derogatory name. Defendant Hernandez was assigned as Plaintiff's investigative employee. Plaintiff informed Defendant Hernandez that he wanted the individual he was talking to at the time the alleged conduct occurred present at the hearing. Defendant Hernandez stated that Plaintiff would not get any witnesses at the hearing. Plaintiff states that the witness had relevant information and Defendant Hernandez failed to interview the witness and falsified a report because she wrote that Plaintiff did not request any witnesses. As a result, Plaintiff was found guilty of the rule violation.

On February 21, 2007, Plaintiff informed Defendant Ruiz that Defendant M. P. Hernandez refused to question his witness or document that he had requested a witness.  Plaintiff requested that the hearing be postponed so the witness could be present, but Defendant Ruiz denied his request and conducted the hearing.   Defendant Ruiz found Plaintiff guilty without any witnesses being questioned.

On February 12, 2007, Plaintiff filed an administrative appeal after the hearing which was destroyed by Defendants Hernandez and Ruiz to obstruct Plaintiff's access to the courts.  After filing the grievance, Plaintiff was interviewed regarding the grievance by Defendant Ruiz.  The grievance was never returned to Plaintiff after the interview.  Plaintiff alleges that Defendants Ruiz and Hernandez destroyed the grievance in retaliation for his filing it.  Defendants Jones and L. Cano are appeals coordinators and "concerted" with Defendants Ruiz and Hernandez to destroy Plaintiff's grievance.

On December 14, 2006, Plaintiff was assaulted by two correctional officers and was moved to the Security Housing Unit ("SHU").  After the move, Plaintiff was confined to his cell and denied all outdoor exercise for three months.  Defendants Botello, Rickman, Oliver, Torres, and T. Cano were regular staff where Plaintiff was housed and are personally responsible for depriving Plaintiff of exercise from December 15, 2006 to March 15, 2007.  White inmates were allowed outside for exercise, but all black inmates, including Plaintiff, were denied outdoor exercise in violation of equal protection.  The denial of exercise was due to a policy and custom of punishing inmates who receive disciplinary write-ups.  When black inmates filed grievances regarding the denial of exercise, the grievances were destroyed.

Plaintiff filed grievances on January 22, 2007 and February 20, 2007 that were not responded to.  Plaintiff alleges that Defendants Botello, Rickman, Oliver, Torres, T. Cano, L. Cano, and Jones destroyed the grievances.  Plaintiff is seeking a declaratory judgment, and compensatory, exemplary, and punitive damages.

III.   **Discussion**

    A.   **Due Process**

Plaintiff alleges that he was denied witnesses at the rule violation hearing in violation of due

process.  The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005).  In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought.  Id.  A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of pri son life."  Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

## 1.   **Rule Violation**

While Plaintiff alleges that the charges against him were false, the Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).  However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Plaintiff has failed to identify a liberty interest and has failed to state a cognizable claim based upon the rule violation hearing hearing.

Additionally, in his complaint Plaintiff states that he requested Defendant Hernandez interview his witness and she refused to question his prospective witnesses.  Also, Defendant Ruiz found him guilty without the witnesses being present or questioned and failed to document why the witnesses were not allowed to be present in violation of California Code of Regulations Title 15. While the Court is to accept the factual allegations contained in the complaint as true, the Court is not required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992 (9th Cir. 2010).

Plaintiff's complaint includes the rules violation report as an exhibit.  A review of this document shows that Plaintiff requested interviews of inmate Glass and Parks.  Defendant Hernandez interviewed inmates Glass and Parks prior to the rule violation hearing.  During the hearing, the statements of Plaintiff's witnesses were accepted and their presence was not granted as

1   it was found that they would not offer any additional testimony.  (Compl. 25,[1] ECF No. 1).

2   **2.   Grievances**

3   Plaintiff claims that his due process rights were violated because his appeals were "trashed."

4   There is no liberty interest in a prison grievance procedure as it is a procedural right only.  Mann v.

5   Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

6   Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed,

7   Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann, 855 F.2d at 640.

8   **B.   First Amendment**

9   **1.   Access to the Courts**

10   Plaintiff alleges that his inmate grievance was "trashed" in order to interfere with his access

11   to the court.  Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,

12   518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010).  The right is merely

13   the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal

14   appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354.  To bring a claim, the

15   plaintiff must have suffered an actual injury by being shut out of court.  Christopher v. Harbury, 536

16   U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

17   Plaintiff may not pursue a claim for denial of access to the courts based on the failure of staff

18   to respond to his appeals or based on the rejection of his appeals by staff.  As stated above, Plaintiff

19   does not have a constitutionally protected right to have his appeals accepted or processed, Ramirez,

20   334 F.3d at 860; Mann, 855 F.2d at 640, and because Plaintiff has not alleged any facts

21   demonstrating that he suffered an actual injury to qualifying litigation, his claim fails as a matter of

22   law Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351.

23   **2.   Retaliation**

24   A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation

25   under section 1983.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  A viable claim of

26   retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a

27

28   [1]All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

5

1   state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

2   conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

3   (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408

4   F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

5        Plaintiff fails to set forth any facts to show that Defendants Ruiz, Hernandez, Jones or L.

6   Cano personally participated in any conduct that interfered with his grievance. Plaintiff alleges that

7   he was interviewed by Defendant Ruiz about the grievance and failed to receive it back. This is

8   insufficient to show that Defendant Ruiz personally participated in the alleged destruction of

9   Plaintiff's grievance. Jones, 297 F.3d at 934.

10       Additionally, Government officials may not be held liable for the actions of their

11   subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Plaintiff's conclusory

12   allegations that Defendants Jones and L. Cano are appeals coordinators who are responsible to make

13   sure staff respond to grievances and therefore liable for the destruction of his grievance fails to state

14   a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50.

15       **C.**    **Conspiracy**

16       To the extent that Plaintiff is attempting to allege a conspiracy between Defendants

17   Hernandez, Ruiz, Jones, and Cano, Plaintiff has not stated any facts supporting the existence of a

18   conspiracy between these defendants. A conspiracy claim brought under section 1983 requires proof

19   of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312

20   F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865

21   F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional

22   right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County,

23   Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy

24   need not know the exact details of the plan, but each participant must at least share the common

25   objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d

26   at 1541).

27       Although, for pleading purposes, the Court accepts as true the allegations in the complaint,

28   the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .

1   . . ." Twombly, 127 S. Ct. at 1965 (citations omitted).  A plaintiff must set forth "the grounds of his

2   entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation

3   of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted).

4   **D.    Title 15**

5           Section 1983 provides a cause of action where a state actor's "conduct deprived the claimant

6   of some right, privilege, or immunity protected by the Constitution or laws of the United States."

7   Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535

8   (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986)).  There is no

9   independent cause of action for a violation of Title 15 regulations.  "To the extent that the violation

10  of a state law amounts to the deprivation of a state-created interest that reaches beyond that

11  guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County,

12  Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d

13  367, 370 (9th Cir. 1996).  Nor is there any liability under § 1983 for violating prison policy. Cousins

14  v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430

15  (8th Cir. 1997)).

16  **E.    Denial of Exercise**

17          On July 5, 2007, Plaintiff filed Haney v. Adams, No. 1:07-cv-01104-AWI-GBC which is

18  currently proceeding against Defendants Botello, Rickman, Oliver, Torres, and Cano for denial of

19  equal protection and denial of outdoor exercise from December 15, 2006, to March 15, 2007.  Upon

20  review of this case, the Court has concluded that Plaintiff's claims regarding denial of outdoor

21  exercise involves defendants, issues, and factual allegations that are identical to those previously

22  raised in Haney v. Adams, No. 1:07-cv-01104-AWI-GBC.

23          "After weighing the equities of the case, the district court may exercise its discretion to

24  dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed

25  action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v.

26  California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally have

27  'no right to maintain two separate actions involving the same subject matter at the same time in the

28  same court and against the same defendant.'" Id. (quoting Walton v. Eaton Corp., 563 F.2d 66, 70

7

1   (3d Cir.1 1977)(en banc)).  "[A] suit is duplicative if the claims, parties, and available relief do not

2   significantly differ between the two actions."  Id. at 689.

3           Plaintiff brings the same causes of action, regarding the same issues and factual allegations,

4   in the same court.  The only significant difference is that Plaintiff attempts to bring Defendants L.

5   Cano and Jones into the action by alleging they were in concert with Defendants Botello, Rickman,

6   Oliver, Torres, and T. Cano in destroying his grievances.  However there are no factual allegations

7   in the complaint to support Plaintiff's conclusion that Defendants L. Cano and Jones were involved

8   in disposing of Plaintiff's grievances.  Additionally, this incident is unrelated to the allegations

9   regarding the rule violation and the two incidents are not properly joined in the same action.  Fed.

10  R. Civ. P. 18(a).

11          Accordingly, in light of the duplicative nature of the denial of exercise claims to Plaintiff's

12  previously filed action, Plaintiff's claims relating to the denial of exercise allegations shall be

13  dismissed as duplicative.

14          **F.      Declaratory Relief**

15          In addition to money damages, Plaintiff seeks a declaration that his rights were violated.  "A

16  declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

17  judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of Lakewood Village,

18  333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful

19  purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford

20  relief from the uncertainty and controversy faced by the parties."  United States v. Washington, 759

21  F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a

22  verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were

23  violated.  Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary, and

24  this action shall proceed as one for money damages only.

25          **G.      Judicial Notice**

26          Plaintiff requests that the Court take judicial notice of his appeal to the Fifth Appellate

27  District Court of Appeal in 07C025, asserting this establishes that Defendants intentionally destroyed

28  his grievances.  "The Court may take judicial notice of documents filed with administrative agencies,

8

1   and "[j]udicial notice is properly taken of orders and decisions made by other courts or

2   administrative agencies." Papai v. Harbor Tug And Barge Co., 67 F.3d 203, 207 n.5 (9th Cir. 1995)

3   (reversed on other grounds by Harbor Tug and Barge Co. v. Papai, 520 U.S. 548 (1997)). However,

4   the court may not take judicial notice of "the truth of the facts recited therein . . . ." Lee v. City of

5   Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001). Therefore, although Plaintiff may later wish to seek

6   judicial notice of the existence of the documents he attached as exhibits, Plaintiff may not seek

7   judicial notice of the truth of the contents therein.[2] Id.

8         Plaintiff includes as an exhibit his petition for a writ of mandate and appeal filed in state

9   court seeking to have his grievances processed. In that action, the trial court denied Plaintiff's writ

10  of mandate finding that he was" unable to demonstrate that all plain, adequate and speedy remedies

11  had been exhausted" with respect to the unanswered appeals. (Compl. at 74.) The appellate court

12  reversed the denial of his petition for a writ of mandate regarding the failure to process his

13  grievances on February 12 and 20, 2007, stating that "Haney has asserted sufficient facts which, if

14  true, show he exhausted the administrative remedies available to him." The court emphasized that

15  it "evaluated this issue only in light of what was before the trial court, namely Haney's petition for

16  writ of mandate and the accompanying points and authorities and exhibits." (Id. at 97.) While the

17  appellate court found that the trial court had improperly dismissed Plaintiff's writ of mandate, the

18  findings do not establish that Defendants "trashed his appeal" as Plaintiff states in his complaint.

19  Thus, the Court hereby denies Plaintiff's request for the Court to take judicial notice of the

20  document(s) he attaches as exhibits to this complaint.

21  **IV.    Conclusion and Recommendations**

22        The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be

23  granted under § 1983 against Defendants Hernandez, Ruiz, Jones and L. Cano and that Plaintiff's

24  claims based upon the denial of exercise are duplicative of Haney v. Adams, No. 1:07-cv-01104-

25  AWI-GBC. Plaintiff should be granted leave to file an amended complaint regarding those claims

26  which are not duplicative. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

27

28        [2]The parties are cautioned that the court is not indicating that such a request would necessarily be granted.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1.   Plaintiff's claims based upon the denial of exercise from December 16, 2006 to March 15, 2007, be dismissed, without leave to amend, as duplicative;

2.   Plaintiff's claims that relate to Plaintiff grieving the denial of exercise from December 16, 2006 to March 15, 2007, be dismissed as violating Rule 18;

3.   Plaintiff's request for declaratory relief be dismissed, without leave to amend, as unnecessary;

4.   Defendants Botello, Rickman, Oliver, Torres, T. Cano, and T. Camp[3] be dismissed from this action; and

5.   Plaintiff's complaint, filed May 20, 2010, be dismissed, with leave to amend only Plaintiff's claims regarding the rule violation hearing.[4]

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     February 9, 2012                    /s/ **Barbara A. McAuliffe**
                                                      UNITED STATES MAGISTRATE JUDGE

---

[3] It is unclear if T. Cano and T. Camp are the same individual.  Plaintiff names T. Camp as a party, but the factual allegations reference T. Cano.

[4] Plaintiff is advised that this findings and recommendations is not granting him leave to amend.  An order will issue directing Plaintiff when he may file his amended complaint after the period of time allowed for objections..