# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE L. HANEY | CASE NO. 1:10-cv–02134-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM |
| v. | |
| M. P. HERNANDEZ, et al., | (ECF Nos. 36, 40, 42) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss**

**I.      Procedural History**

Plaintiff Monte L. Haney is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on May 10, 2010. (ECF No. 1.) On February 10, 2012, Plaintiff's complaint was screened and an order issued recommending dismissing certain claims and defendants. (ECF No. 26.) On March 27, 2012, an order issued adopting the findings and recommendations; and Plaintiff was granted thirty days in which to file an amended complaint. (ECF No. 27.) Plaintiff filed a first amended complaint on April 4, 2012; and on April 6, 2012, an order issued finding service of the complaint appropriate. (ECF No. 28, 31.) On July 3, 2012, Defendants filed a motion to dismiss for failure to state a claim and a request for judicial notice. (ECF NO. 36, 37.) Plaintiff filed an opposition on July 23, 2012; and Defendants filed a reply on August 2, 2012. (ECF Nos. 40, 42.)

///

///

## II. Allegations in First Amended Complaint

Plaintiff's first amended complaint states:

> On 1-23-07 [sic] Defendant M.P. Hernandez "intentionally" refused to give me a witness for a CDC Administrative 115 then falsely documented on the 115 did [sic] I did not request a witness in violation of 15 CCRS 335(e) and CA Penal Code 3118.1. As a result of the Defendants conduct my due process rights were violated because I was found guilty of a 115 without a witness present at my hearing to give a statement on my behalf. On 2-8-07 [sic] I requested again that the Defendant allow me to have a witness but the Defendant refused again. On 2-21-07 [sic] Plaintiff informed Defendant D.J. Ruiz that Defendant M.P. Hernandez refused to question my witness and previous to the 115 hearing I requested a witness attend the hearing but Defendant D.J. Ruiz found me guilty of the 115 on 2-21-07 [sic] despite the fact I informed him Defendant M.P. Hernandez refused to question my witness.

(Am. Compl. 4,[1] ECF No. 28.)

## III. Motion to Dismiss

### A. Motion to Dismiss Legal Standard

In considering a motion to dismiss for failure to state a claim, the court generally considers only the pleadings and must accept as true the allegations in the complaint. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Shaver v. Operating Engineers Local 428 Pension Trust Fund, 332 F.3d 1198, 1201, 1203 (9th Cir. 2002). A court may consider evidence that the complaint relies on, where the complaint refers to a document that is central to the complaint and no party questions the authenticity of the document. Marder, 450 F.3d at 448; see United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Additionally, the court is to "construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hebbe, 627 F.3d at 342.

A motion to dismiss for failure to state a claim is properly granted where the complaint lacks "a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting Balistreri v. Pacifica

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988)).  There are two requirements to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6).  While accepting factual allegations in the complaint as true, the court is not required to accept legal conclusions as true, and the factual allegations must state a plausible claim for relief.  Davis v. HSBC Bank of Nevada, N.A., 691 F.3d 1152 (9th Cir. 2012); Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).

### B. Defendants' Position

Defendants argue that Plaintiff has failed to identify a liberty interest for which the protection of the Due Process Clause is sought.  (Memorandum of Points and Authorities in Support of Motion to Dismiss 7, ECF No. 36-1.)  Additionally, even if a liberty interest were to exist, Plaintiff received all procedural protections required to satisfy due process.  Plaintiff received written notice of the charges at least 24 hours before the hearing; the hearing officer provided written notice of the reasons for the guilty finding ; and Plaintiff indicated that he understood the charges and was ready to proceed at the hearing.  (Id. at 4-5.)  The right to call witnesses at a rule violation hearing is not absolute and Defendant Ruiz determined that the witness statements had been considered and there was no need for the witnesses to be present.  Finally, the report reflects there was some evidence of Plaintiff's guilt.  (Id. at 5.)

### C. Plaintiff's Position

Plaintiff argues that Defendant Hernandez specifically told him that he could not have a witness present at the hearing and was required to interview his witnesses which she did not do. (Opp. 5, ECF No. 40.)  Plaintiff claims a state created liberty interest due to the state regulations. Plaintiff argues that Mrs. Lever overheard a conversation with another inmate and mistakenly thought that Plaintiff had called her a derogatory word.  (Id. at 7.)  Plaintiff requested the inmate he was having a conversation with be present at the hearing.  (Id. at 7-8.)  Plaintiff alleges that the rule violation report will be permanently in his Central File ("C-file"), he is serving a life sentence, and this could be used as an excuse to deny his parole.  (Id. at 8, 17.)

Plaintiff claims the failure to call his key witness violates due process.  (Id. at 10, 13-14.) Further, Defendant Hernandez falsified the report because she lied by stating that Plaintiff did not request his witness.  (Id. at 11.)  Plaintiff contends that even though two witnesses were interviewed

3

1  the failure to interview his key witness violates due process. (Id. at 15.)

**D.      Discussion**

**1.      Due Process Legal Standard**

Prisoners retain rights that are not inconsistent with incarceration, including the right to due process. Wolff v. McDonnell, 418 U.S. 539,555-56, 94 S. Ct. 2963, 2974 (1974). The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Wilkinson, 545 U.S. at 221, 125 S. Ct. at 2393. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2300. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

**2.      Liberty Interest**

Plaintiff has failed to allege a liberty interest to implicate the protections of the Due Process Clause. Plaintiff contends that the rule violation report contains a false statement, however the Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). Plaintiff does not have a liberty interest against false statements in the report.

Plaintiff claims that he has a liberty interest in having a witness at the hearing based upon the language of the statute, however a state created liberty interest only exists where the deprivation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan, 83 F.3d at 1088. In Wolff, the Supreme Court recognized that the right to call witness is not unfettered and prison officials have the discretion to refuse to allow witnesses at prison

4

disciplinary hearings. Wolff, 418 U.S at 566-67, 94 S. Ct. at 2980. While the limited right to call witness exists as a procedural component of due process it is not a liberty interest in itself. See Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) (procedural protections of due process apply only where the disciplinary action implicates a protected liberty interest).

Nor has California created a liberty interest in an inmate being allowed to call witnesses at a rule violation hearings.[2] Plaintiff's is incorrect that Wilkinson v. Austin, 545 U.S. 209, 125 S. Ct. 2384 (2005), stands for the proposition that after Sandin a liberty interest can be created by a state based upon the language of the statute. The issue in Wilkinson was the process due to an inmate before being placed in a super max facility which imposed more severe restrictions on the inmate. Wilkinson, 545 U.S. at 220, 125 S. Ct. at 2393. In Wilkinson, the Supreme Court stated that after Sandin, it is not the language of the statute that creates a liberty interest, but whether the conditions the inmate is subjected to "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Wilkinson, 545 U.S. at 223, 125 S. Ct. at 2394. In the prison context, these interests are generally those that pertain to an inmate's liberty. See Sandin 515 U.S. at 483-484, 115 S. Ct. at 2300 (transfer to mental hospital, involuntary medication of psychotropic drugs). Plaintiff does not have a liberty interest in having witnesses at a rule violation hearing.

Finally, Plaintiff argues that a liberty interest exists because this rule violation report shall be included in his C-file and could potentially be used in a parole determination. However, in deciding whether to release an inmate on parole, the parole board considers a myriad of considerations and the chance that a rule violation will be used in the consideration is too attenuated to invoke the procedures of due process. Sandin, 515 U.S. at 487, 115 S. Ct. a 2302; Meachum v. Fano, 427 U.S. 215, 229 n.8, 96 S. Ct. 2532 (1976). The possibility that an inmate may be denied parole at some later date is too speculative and does not rise to the denial of a liberty interest. Burnsworth v. Gunderson, 179 F.3d 771, 774 n.3 (9th Cir. 1999); Arroyo v. Grounds, No. 4:10-cv-01007-SBA (PR), 2011 WL 4726465, at *4 (N.D.Cal. Sept. 30, 2011).

---

[2] The regulations state that "[a]n inmate may request that friendly and adverse witnesses attend the hearing." Cal. Code Regs., tit. 15 §3315(e). However, the hearing officer may deny the request where the witness would be endangered, has no relevant or additional information, or is unavailable. Cal. Code Regs., tit. 15 § 3315(e)(1)(A-C).

1 Plaintiff has failed to allege a liberty interest to invoke the protections of due process and
2 Defendants' motion to dismiss for failure to state a claim should be granted.

### 3. Rule Violation Hearing

Further, in this instance Plaintiff received the process that he was due in this instance. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556, 115 S. Ct. at 2975. To comply with due process, the prisoner must be provided with 1) written notice of the charges against him prior to the hearing; 2) a brief period, at least twenty four hours, to prepare for the hearing; 3) a written statement by the factfinder regarding the evidence relied on and the reason for the finding; and 4) an opportunity to seek assistance where the inmate is illiterate or the issues are complex. Wolff, 418 U.S at 563-70, 94 S. Ct. at 2978-82. At issue here is Plaintiff's allegation that he was not allowed a specific witness at the rule violation hearing.

As a general rule, the court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion. United States v. Corinthian Colleges, 655 F.3d 984, 998 (9th Cir. 2011). However, material that is attached to the complaint may be considered, as well as "unattached evidence on which the complaint 'necessarily relies' if : (1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the document." Corinthian Colleges, 655 F.3d at 999. The Court shall incorporate by reference the rule violation report and hearing report which Plaintiff attached as an exhibit to his original complaint and includes with his objection.

Plaintiff alleges, without identifying the inmate, that he requested an inmate be interviewed and called to testify at the hearing. The record indicates that Plaintiff was questioned by Defendant Hernandez for the rule violation investigation and stated he wanted every inmate in the library on the day in question to be called as witnesses at the rule violation hearing. Two witnesses were interviewed in preparing the rule violation report. (ECF No. 40 at 33.)

Defendant Hernandez interviewed two inmates as part of the investigation. Inmate Glass stated that Plaintiff was talking to another inmate and not to the law librarian. Inmate Parks stated that Plaintiff was just asking for supplies and the law librarian began yelling. (Id. at 34.) Contrary

6

to Plaintiff's assertion that the hearing officer failed to state why the witnesses were not called at the hearing, the hearing officer considered the statements of each of the inmate witnesses and determined that they did not have any additional information to offer. For this reason, Defendant Ruiz denied the request to call the witnesses at the hearing. (Id. at 31.)

Plaintiff also argues that the failure to allow live witnesses at the hearing violated his due process rights. Plaintiff's reliance on Mitchell v. Dupnik, 75 F.3d 517 (9th Cir. 1996), is misplaced. In Mitchell the prisoner was a pretrial detainee and alleged that the jail had a de facto policy of denying inmate witnesses at rule violation hearings. Mitchell, 75 F.3d at 520-21. The court found that although the jail policy stated that witnesses were to be called at hearings the jail officials always refused to call witness inmates, and a blanket denial of permission is impermissible. Id. at 525. Wolff requires that the request for witnesses be considered on a case by case analysis of the witnesses and the institutional security concerns involved. Id. Similarly, Bartholomew v. Watson, 665 F.2d 915 (9th Cir. 1982), dealt with a policy that was a blanket prohibition against calling a certain category of witnesses at a rule violation hearing. Bartholomew, 665 F.2d at 918.

In the instant case, the denial of Plaintiff's witnesses was made on a witness by witness basis and Defendant Ruiz stated his reason for the denial of the witness on the hearing report. The denial of live witnesses at the hearing was not the result of a policy, but was based on the determination of the hearing officer that the witnesses had no further information. Due process requires allowing witnesses when permitting the inmate to present witnesses will not be unduly hazardous to institutional safety or correctional goals. Wolff, 418 U.S. at 566, 94 S. Ct. at 2980. The prison official has the discretion to refuse to call witnesses, "whether it be for lack of relevance, lack of necessity, or the hazards presented in individual cases." Wolff, 418 U.S. at 566, 94 S. Ct. at 2980.

Plaintiff states that he was denied his key witness at the hearing. Although Plaintiff claims that he requested the inmate that he was speaking to at the time of the incident be interviewed, the report indicates that he wanted all inmates in the law library the day of the incident to be called as witnesses. (ECF No. 40 at 34.) Neither the reports nor Plaintiff's opposition identify any inmate that was requested and not called at the hearing. To the extent that Plaintiff is alleging that Defendant Hernandez was required to conduct a further investigation to determine who his witness

7

was, this is beyond what due process requires. See Gastellum v. Sandor, No. 5:10-cv-00152-DDP, 2011 WL 7962488, at *6 (C.D.Cal. Mar. 30, 2011) (no constitutional requirement for investigative officer to investigate the matter to inmate's satisfaction to comply with due process); Low v. Stanton, No. 2:05-cv-02211-MCE-DAD, 2009 WL 737053, at *7 (E.D.Cal. Mar. 19, 2009) (denying inmate's broad request to call all inmates housed in the housing unit as witnesses was reasonable and appropriate where inmate failed to identify specific inmate witnesses); Soto v. Runnels, No. 3:02-cv-0109-MMC (PR), 2002 WL 31236204, at *2 (N.D.Cal. Oct. 2, 2002) (finding prison officials are not required to locate a witness).

Further, this inmate would not provide any additional information than was already before the hearing officer. Plaintiff testified that he used the language at issue but it was directed to another inmate. This was the testimony of inmate Glass. The witness that Plaintiff states he wanted to have present would not have offered any additional pertinent information and the hearing officer had the discretion to refuse to call witnesses where the testimony would be repetitive and the witness would have nothing further to add. Bostic v. Carlson, 884 F.2d 1267, 1271-72 (9th Cir. 1989). The hearing officer accepted the testimony of the two witnesses included in the rule violation report. Plaintiff was not denied due process by the failure to call his unidentified witness at the hearing.

### 4. Some Evidence Standard

Finally, in order to meet the minimum requirements of procedural due process there must be some evidence to support the findings of the disciplinary board. Superintendent v. Hill, 472 U.S. 445, 454, 105. S. Ct. 2768, 2773 (1985). The some evidence standard is met if there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56, 105 S. Ct. at 2774.

In this instance, there is some evidence of the rule violation in the record. Plaintiff admitted that he used the language at issue, but disputed that it was directed at the law librarian. (ECF No. 40 at 31.) The law librarian stated that she was "100 percent absolutely certain" that Plaintiff directed the language at her. (Id. at 33-34.) Plaintiff was ultimately found guilty of disrespect toward staff. (Id. at 32.) Because Plaintiff received the process that was due and there is some evidence of Plaintiff's guilt, Plaintiff's claim for a violation of due process is unable to be cured by

amendment, and Defendants' motion to dismiss for failure to state a claim should be granted, without leave to amend.

### IV.     Conclusion and Recommendation

The Court finds that Defendants' motion to dismiss for failure to state a claim should be granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss, filed July 3, 2012, be GRANTED, and this action be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 24, 2012**                    /s/ **Barbara A. McAuliffe**
                                                                     UNITED STATES MAGISTRATE JUDGE